Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3618 | **DATE** | 1/6/2005 |
| **CASE TITLE** | colspan="3" | Moss vs. Trancoso |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, petitioner's petition for writ of habeas corpus is denied. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials: MW

date docketed: DEC X 7 2005

Document Number: 17

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NORMAN MOSS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 03 C 3618 |
| ) | |
| ) | |
| VICTOR TRANCOSO, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Norman Moss' ("Moss") petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254. For the reasons stated below, we deny Moss' petition for writ of *habeas corpus*.

## BACKGROUND

Following a jury trial in the Circuit Court of Cook County, Illinois ("trial court"), Moss was convicted of first degree murder and sentenced to thirty-five years imprisonment. Moss appealed his conviction and the Appellate Court of Illinois affirmed the judgment of the trial court. Moss then filed a petition for leave to

appeal to the Supreme Court of Illinois, which was denied. Subsequently, Moss filed a petition for post-conviction relief with the trial court, which was dismissed. Moss appealed the dismissal of his petition for post-conviction relief and the Appellate Court of Illinois affirmed the judgment of the trial court. Moss then filed a petition for leave to appeal to the Supreme Court of Illinois, which was denied. Moss is incarcerated at the Illinois River Correction Center in Canton, Illinois.

## LEGAL STANDARD

A district court may entertain a *habeas corpus* petition from a "person in custody pursuant to the judgment of a State court only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Pursuant to 28 U.S.C. § 2254(d):

> An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

## DISCUSSION

In Moss' petition for writ of *habeas corpus*, he has alleged that his trial counsel was ineffective because she refused to allow him to testify; that his trial counsel was ineffective because she allowed the trial court to let in improper jury instructions at trial in violation of the equal protection clause; that his sentence was excessive in light of his passive role in the murder; that the evidence at trial failed to prove that he was guilty beyond a reasonable doubt; and that he is actually innocent. (Pet. 5-6). Respondent maintains that all of Moss' claims are procedurally defaulted and that Moss' petition for writ of *habeas corpus* should be denied.

It is well settled that before a petitioner can present a claim in a petition for writ of *habeas corpus*, the petitioner must first have presented that claim in "one complete round of the State's established review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *see also Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Under Illinois' two-tiered appellate review process, except for death penalty claims which are heard directly by the Supreme Court of Illinois, a petitioner has a right to have his claims on appeal initially heard by the Appellate Court of Illinois. *Boerckel*, 526 U.S. at 843. After a petitioner's claims have been decided by the Appellate Court of Illinois, the petitioner may file a petition for leave to appeal to the Supreme Court of Illinois. *Id.* Failure by a petitioner to present a claim in a petition for leave to

3

appeal to the Supreme Court of Illinois will result in a procedural default of that claim if it is later raised in a petition for writ of *habeas corpus*. *Rittenhouse v. Battles*, 263 F.3d 689, 697 (7th Cir. 2001); *see also White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999)(explaining that the procedural default rule announced in *Boerckel* that addressed a petitioner's failure to pursue a claim on direct appeal, "applies with equal force" in cases where a petitioner fails to pursue a claim in a post-conviction petition on collateral review). In *Verdin v. O'Leary*, 972 F.2d 1467, 1473-74 (7th Cir. 1992), the Seventh Circuit adopted a "fair presentment" test and stated that:

> [i]f the petitioner's argument to the state court did not: (1) rely on pertinent federal cases employing constitutional analysis; (2) rely on state cases applying constitutional analysis to a similar factual situation; (3) assert the claim in terms so particular as to call to mind a specific constitutional right; or (4) allege a pattern of facts that is well within the mainstream of constitutional litigation, then [the] court will not consider the state courts to have had a fair opportunity to consider the claim.

*See id.*(noting that "the presence of any one of these factors, particularly factors (1) or (2), does not automatically avoid a waiver. . .[and] the court must consider the specific facts of each case."). However, even where a petitioner procedurally defaults a claim for failing to present that claim to the state courts, a federal court can still review that claim if the petitioner "shows cause for failure to raise [that claim] at the appropriate time and actual prejudice which resulted from such failure" or, "[a]bsent such a showing, a defaulted claim is reviewable only if refusal to

4

consider would result in a 'fundamental miscarriage of justice'...." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999).

Although Moss has fully exhausted his remedies under Illinois' two-tiered appellate review process, none of the claims contained in Moss' petition for writ of *habeas corpus* were previously presented in Moss' petitions for leave to appeal to the Supreme Court of Illinois on direct appeal or in post-conviction proceedings. (Resp't Ex. C, I). Further, Moss' arguments in his petitions for leave to appeal to the Supreme Court of Illinois did not rely on any pertinent federal or state cases employing constitutional analysis, did not allege any violations of a constitutional right in any particularity, and did not allege a pattern of facts well within the mainstream of constitutional litigation that would have afforded the Supreme Court of Illinois an opportunity to "adjudicate squarely" the *habeas* claims Moss has presented in his petition for writ of *habeas corpus*. *Bocian v. Godinez*, 101 F.3d 465, 469 (7th Cir. 1996). As a result of Moss' failure to previously present his *habeas* claims in his petitions for leave to appeal to the Supreme Court of Illinois, such claims are now procedurally defaulted. *Rittenhouse*, 263 F.3d 697. Additionally, we find that Moss has not shown cause for his failure to previously present his claims in a petition for leave to appeal to the Supreme Court of Illinois. Furthermore, there is no indication that refusal by this court to review Moss' claims would result in a fundamental miscarriage of justice, given the evidence against

5

Moss. (Resp't Ex.'s A- J). Accordingly, we find that all of Moss' claims contained in his petition for writ of *habeas corpus* are procedurally defaulted. Since neither exception to procedural default is applicable, procedural default bars *habeas* review of Moss' claims. Therefore, we deny Moss' petition for writ of *habeas corpus*.

## CONCLUSION

Based on the foregoing analysis, we deny Moss' petition for writ of *habeas corpus*.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 6, 2005